ASK LLP
Joseph L. Steinfeld, Jr., Esq.
Kara E. Casteel, Esq.
Brigette McGrath, Esq.
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (651) 406-9665 Fax: (651) 406-9676

*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RML, LLC,[1]<br><br>                               Debtor. | Chapter 11<br><br>Case No. 22-10784 (DSJ) |
| Old Revco GUC Liquidating Trust,<br><br>                        Plaintiff,<br><br>v.<br><br>Britney Brands, Inc.,<br><br>                       Defendant. | Adv. No. **Refer to Summons** |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Old Revco GUC Liquidating Trust (the "Plaintiff" or "Trust"), by and through its

undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against

---

[1] On May 31, 2023, the Court entered the *Order (I) Consolidating Remaining Matters Under the Remaining Case, (II) Entering Final Decree Closing Certain of the Chapter 11 Cases, (III) Changing the Case Caption of the Remaining Case, and (IV) Granting Related Relief* [Docket No. 68], closing the affiliated chapter 11 cases and directing that all motions, notices, and other pleadings related to any of the affiliated debtors be filed in this case. The location of RML, LLC's service address for purposes of these Chapter 11 Cases is: 55 Water St., 43rd Floor, New York, NY 10041-0004.

1

Britney Brands, Inc. (the "Defendant") and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff alleges upon information and belief that:

## NATURE OF THE CASE

1.      Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the bankruptcy proceedings of Revlon, Inc. and its affiliated debtors (collectively, the "Debtors")[2] pursuant to sections 547 and 550 of chapter 5 of title 11 of the United States Code (the "Bankruptcy Code").

2.      In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of its rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). The underlying chapter 11 bankruptcy case is captioned *In re RML, LLC*, Case No. 22-10784 (DSJ).

4.      This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2). Plaintiff consents to entry of final orders and judgment by the Court.

---

[2] Revlon, Inc. and 50 other affiliated Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases were originally jointly administered under Case. No. 22-10760. As noted in footnote 1, all cases other than that of RML, LLC's were closed May 31, 2023.

5.      Venue of the Debtor's chapter 11 case and this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory and legal predicates for the relief sought herein are sections 502, 547, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**PROCEDURAL BACKGROUND**

7.      On June 15 and 16, 2022 (collectively, the "Petition Date"), each of the Debtors commenced a chapter 11 case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

8.      On June 16, 2022, the Court entered an order authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes pursuant to Bankruptcy Rule 1015(b) [Case No. 22-10760, D.I. 51].

9.      On April 3, 2023, the Court entered an order (the "Confirmation Order") confirming the *Third Amended Joint Plan of Reorganization of Revlon, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy* Code (with all supplements and exhibits thereto, as it has been and may be amended, altered, modified, revised, or supplemented from time to time, including the *Revised Third Amended Joint Plan of Reorganization of Revlon, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Case No. 22-10760, D.I. 1860], the "Plan"), including the Old Revco GUC Liquidating Trust Agreement (the "GUC Trust Agreement") [Case No. 22-10760, D.I. 1865, Ex. N].

10.     The effective date of the Plan (the "Effective Date") occurred on May 2, 2023. [Case No. 22-10760, D.I. 1869]. In accordance with the Plan and Confirmation Order, the Trust

was established as contemplated by the Plan and Confirmation Order, and the Debtors and the Trustee entered into that certain GUC Trust Agreement.[3]

11.     Pursuant to paragraph 154 of the Confirmation Order and Section 4.A.5 of the Plan, the GUC Trust Assets, including all Retained Preference Actions under sections 547 and 550 of the Bankruptcy Code, were transferred to the Trust.

## THE PARTIES

12.     Pursuant to the Plan, Confirmation Order, and GUC Trust Agreement, Plaintiff has the capacity, in its own right and name, to pursue, commence, prosecute, compromise, settle, dismiss, release, waive, withdraw, abandon, or resolve the Retained Preference Actions, including this avoidance action.

13.     Upon information and belief, Defendant was, at all relevant times a vendor or creditor that provided goods and/or services to or for the Debtors. Upon further information and belief, at all relevant times, Defendant's principal place of business has been and is located at 4123 Lankershim Boulevard, North Hollywood, California 91602. Plaintiff is informed and believes and on that basis alleges that Defendant is a corporation residing in and subject to the laws of Louisiana.

## FACTUAL BACKGROUND

14.     As more fully discussed in the *Disclosure Statement for First Amended Joint Plan of Reorganization of Revlon, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"),[4] the Debtors were a global leader in the beauty industry, with a diverse portfolio of brands, including the iconic Revlon and Elizabeth Arden

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan, Confirmation Order, and/or Litigation Trust Agreement.

[4] Case No. 22-10760, Docket No. 1511.

4

brands, spanning multiple beauty segments. The Debtors' portfolio as of the Petition Date consisted of over 20 key brands associated with thousands of products sold in over 100 countries worldwide. The Debtors' beauty offerings included color cosmetics, fragrances, hair color, hair care, skin care, beauty tools, men's grooming products, deodorants, and other beauty care products, which it developed, manufactured, sold, and marketed across the globe through a variety of distribution channels. The Debtors were a multinational enterprise with worldwide operations, including material business operations in North America, Asia-Pacific, Europe, and South Africa. As of the Petition Date, the Debtors employed 2,744 people, of whom 2,315 were full-time and 429 were part-time employees.

15.     Prior to the Petition Date, the Debtors, as a beauty, fragrance, and skin care company, maintained business relationships with various business entities and individuals, through which the Debtors regularly purchased, sold, received, and/or delivered goods and services.

16.     The Debtors' financial difficulties that led to the decision to file the voluntary petitions are attributable to a combination of factors, all of which placed significant stress on the Debtors' liquidity position in the months leading up to the Petition Date. A summary of the Debtors' prepetition operations, debt structure, and factors that led to the Bankruptcy Case are set forth in the Disclosure Statement and are incorporated herein by reference.[5]

17.     As described in section 3.B of the Plan and section 1.C of the Disclosure Statement, General Unsecured Claims compromise an impaired class of creditors and are not expected to be paid in full.

---

[5] In particular, the Debtors' prepetition debt structure can be found in Article III of the Disclosure Statement, and facts leading to the chapter 11 filing can be found in Article IV.

18.     During the ninety (90) days before and including the Petition Date, that is between March 17, 2022, and June 16, 2022 (the "Preference Period"),[6] the Debtors continued to operate their business, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

19.     Upon information and belief, during the course of their relationship, Defendant and one or more of the Debtors entered into agreements for the purchase of goods and/or services from the Defendant, which are evidenced by one or more contracts, purchase orders, invoices, communications, and other documents (collectively, the "Agreements"). The Agreements concerned and related to the goods and/or services provided by Defendant to one or more of the Debtors as described in the "Parties" section of this Complaint. The payments to the Defendant in respect of the Agreements during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit A.  Such details include "Invoice Number," "Invoice Date," "Invoice Amount," and the "Payment Date."

20.     One or more of the Debtors made transfer(s) of an interest of the Debtors' property to or for the benefit of Defendant during the Preference Period through payments aggregating not less than the amount set forth on Exhibit A hereto (the "Transfer" or "Transfers").  The details of each Transfer are set forth on Exhibit A and incorporated by reference. Such details include "Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)."

---

[6] The Debtor(s) making each transfer are identified on the exhibit to this complaint. Debtors Elizabeth Arden, Inc. and Revlon Consumer Products Corporation filed their bankruptcy cases on June 15, 2022. Debtors Elizabeth Arden (Canada) Limited, Elizabeth Arden (UK) Ltd., Revlon (Puerto Rico) Inc., Revlon Canada Inc., Revlon International Corporation, and Roux Laboratories, Inc. filed their bankruptcy cases on June 16, 2022. Those Debtors that filed on June 15, 2022, have a Preference Period of March 17, 2022, through June 15, 2022; those with a filing date of June 16, 2022, have a Preference Period of March 18, 2022, through June 16, 2022.

6

21.     Plaintiff is seeking to avoid all of the Transfers made by the applicable Debtor(s) to Defendant within the Preference Period.

22.     On or about January 2, 2024, Plaintiff, through counsel, sent a demand letter (the "Demand Letter") to Defendant, seeking a return of the Transfer(s).  The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to section 547(c) of the Bankruptcy Code and requested that if Defendant had evidence to support any affirmative defenses, it provide this evidence so Plaintiff could review the same.

23.     Plaintiff also performed Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant. As part of Plaintiff's due diligence, Plaintiff reviewed the Debtors' books and records in Plaintiff's possession and identified that Defendant potentially has $0.00 in invoices qualifying for the subsequent new value defense under section 547(c)(4) of the Bankruptcy Code. However, the subsequent new value defense is an affirmative defense, for which Defendant bears the burden of proof under section 547(g). The potential new value is based on the invoice date in the Debtors' electronic books and records. As the dates for new value are often based on the shipping dates for goods and the actual dates of service for services, this preliminary new value number is subject to adjustment. Accordingly, Plaintiff puts Defendant to its burden of proof to establish it is entitled to this new value.

24.     Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), including the review and evaluation described in the three immediately preceding paragraphs, Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

25.     During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period or that may be avoidable under other provisions of the Bankruptcy Code. It is Plaintiff's intention to avoid and recover all avoidable transfers of property made by the Debtors to or for the benefit of Defendant or any other transferee, in accordance with the Bankruptcy Code and for the benefit of all creditors of the Debtors' estates. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

26.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this First Claim for Relief.

27.     As more particularly described on Exhibit A attached hereto and incorporated herein, during the Preference Period, the Debtor(s) identified on Exhibit A made each Transfer to or for the benefit of Defendant in an aggregate amount not less than $712,500.00.

28.     Each Transfer was made from the Debtor(s) identified on Exhibit A, and constituted transfers of an interest in property of the transferring Debtor(s) as identified on Exhibit A.

29.     Defendant was a creditor at the time of each Transfer by virtue of supplying the Debtor(s) identified on Exhibit A the goods and/or services identified in this Complaint and in the

8

Agreements, as more fully set forth on Exhibit A hereto, for which the Debtor(s) identified on Exhibit A were obligated to pay following delivery in accordance with the Agreements.

30.     Each Transfer was to or for the benefit of a creditor within the meaning of section § 547(b)(1) of the Bankruptcy Code because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor(s) identified on Exhibit A to Defendant.

31.     Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor(s) identified on Exhibit A to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the transferring Debtor(s) as set forth on Exhibit A hereto.

32.     Each Transfer was made while the Debtors were insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

33.     Each Transfer was made during the Preference Period, as set forth on Exhibit A.

34.     As a result of each Transfer, Defendant received more than Defendant would have received if: (a) the Debtors' chapter 11 cases were cases under chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) Defendant received distributions on account of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtors' schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, and as described in the Plan and Disclosure Statement, the Debtors' liabilities exceed their assets such that the Debtors' unsecured creditors will not receive payment of their claims in full from the Debtors' bankruptcy estates.

35.     In accordance with the foregoing, each Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

**Second Claim for Relief**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

36.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with the allegations contained in this Second Claim for Relief.

37.     Plaintiff is entitled to avoid the Transfer(s) pursuant to section 547(b) of the Bankruptcy Code (the "Avoidable Transfers").

38.     Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

39.     Accordingly, pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

**Third Claim for Relief**
**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**

40.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Claim for Relief.

41.     Defendant is a transferee of transfers avoidable under section 547 Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

42.     Defendant has not paid the amount of the Transfer(s), or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

43.     Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against Plaintiff or the Debtors' estates must be disallowed until such time as Defendant pays to

10

Plaintiff an amount equal to the aggregate amount of the Transfer(s), plus interest thereon and costs.

44.     Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 11 estate or Plaintiff previously allowed by Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant the following relief against Defendant:

A.     On Plaintiff's First and Second Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Transfers, pursuant to sections 547(b) and 550(a) of the Bankruptcy Code, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B.     On Plaintiff's Third Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Debtors or Plaintiff until Defendant returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

C.     Such other and further relief as this Court may deem just and proper.

11

Dated: June 17, 2024

**ASK LLP**

By: /s/ *Joseph L. Steinfeld, Jr.*
Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
Kara E. Casteel, Esq.
Brigette McGrath, Esq.
Anastasia Kazmina, Esq., MN SBN 0398419
ASK LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (651) 289-3854
Fax: (651) 406-9676
Email: akazmina@askllp.com

*-and-*

Edward E. Neiger, Esq.
60 East 42nd Street, 46th Fl.
New York, NY  10165
Telephone: (212) 267-7342
Fax: (212) 918-3427

*Attorneys for Plaintiff*

12